WILLIAMS, plaintiff in error, *and* TERBOSS, defendant in error.

A landlord cannot distrain either *on* or *off* of the demised premises, where the term has expired, and the tenant has abandoned or yielded up the possession to the landlord.

The seventh section of the act to amend the act concerning *distresses*, (*Statutes, vol. 5, b.* 178,) is only an extension of the remedy given by the thirteenth section of the original act.

The effect of the several provisions of the two statutes is to give the landlord a right to distrain either *on* or *off* of the demised premises, at any time within six months after the expiration of the lease, where the interest of the landlord and the possession of the tenant both continue; provided the distress, if made off of the premises, be made within 30 days after the goods are removed, or within 30 days after the rent becomes due, when the goods are removed before the rent becomes due. But the landlord is in no case authorized to distrain goods carried off of the premises, where he would not have been allowed to distrain the same, if the tenant had permitted them to remain.

ERROR from the supreme court. Terboss occupied a hotel, as the tenant of Williams, from February, 1816, until the 1st May, 1823, when he quit the possession, taking with him his furniture, leaving the sum of $1350 rent, unpaid. On the 29th May, 1823, Williams followed the property, and distrained the same for the rent in arrear. Terboss brought replevin; Williams avowed the taking for the rent; Terboss plead that the term which he had in the premises ended on the 1st May, 1823, and that on that day he removed off of the premises, and ceased to be the tenant of Williams. To this plea, there was a demurrer; on which the supreme court gave judgment for Terboss. (See the opinion of the

supreme court in 5 *Cowen*, 408.) Williams brought a writ of error.

*D. Russell*, for plaintiff in error. The distress was made *within thirty days* after the removal of the goods from the demised premises, and, therefore, good. The 13th section of the act concerning distresses, (1 *R. L.* 437,) expressly gives the power to the landlord to take and seize goods and chattels conveyed away from demised premises, where rent is in arrear, at any time within thirty days *after such removal,* provided the seizure be made after the rent has become due and payable. By the 17th section of the same act, the right to distrain is given, after the determination of the lease, provided the distress be made within six calendar months after such termination, and during the possession of the tenant. It will, therefore, be perceived, that if the tenant removed his goods *thirty one days* before the accruing of the rent, both sections were unavailing. To remedy this defect, the legislature, by the 7th section of the act amending the act concerning distresses, &c. (*Statutes,* 5th *vol. b.* 178,) empowered a landlord, at any time within thirty days *after the rent should become due,* to take and seize all such goods of a tenant or lessee, as a distress for the arrears of rent, as might have been conveyed away from off the demised premises, and repealed so much of the 13th section of the original act as is repugnant to this provision. The power to make the seizure is unlimited, except that it shall be made within thirty days after the rent becomes due. There is no qualification that the possession of the demised premises by the tenant shall continue.

Under the 13th section of the original act, the plaintiff in error had a perfect right to make the distress, having pursued the goods within 30 days after their removal. There is nothing in it prohibiting the landlord from following the goods after the termination of the lease, or taking them, though removed after the rent became due. The only limitations upon his power are, that he shall make the distress within thirty days after the removal of the goods, and that he shall not interfere with the rights of *bona fide* purchasers. In

the case of *Reynolds* v. *Shuler*, (5 *Cowen*, 330,) the S. C. say that those statutes are to be so construed as that effect may be given to both, and that they may be capable of standing together. And in 2 *Wils.* 140, it is said that statutes in favor of landlords are to receive a benign and liberal construction.

*S. Stevens*, for defendant in error. At common law, the tenant could not distrain *off* of the premises; nor could he make a distress *on* the premises, after the expiration of the term. (3 *Co. R.* 64. 2 *Saund.* 284, *b, n.* 2. *Co. Litt.* 47, *b, liber* 1, *ch.* 7, *s.* 58.) In *Keilw.* 96, *a, pl.* 5, it was said, that if the tenant held over, the landlord might distrain; but it is a solitary case; and in *Cro. Jac.* 442, it is overruled. If law, however, it does not apply to this case, as here the tenant did not hold over.

To prevent a distress of their goods, tenants removed their property off of the demised premises before the expiration of the term. By statute, (8 *Anne, ch.* 14, *s.* 2,) landlords were permitted to pursue the property within *five* days after its removal; which remedy was extended and enlarged by 2 *Geo.* 2, *ch.* 19, *s.* 1, 2, giving the right to pursue at any time within *thirty* days after removal. (*Bradby on Distresses*, 134, 5, 6. 2 *Saund.* 284, *n.* 2.) The 13th section of our act concerning distresses is a transcript of 2 *Geo.* 2.

Another difficulty existed under the common law. The landlord could not distrain for rent due for the last quarter, because the term expired before the distress could be made, and he was driven to his action at law to recover the rent; to remedy which, by another section of 8 *Anne*, (similar to which is the 17th section of our act,) the right to distrain was given, notwithstanding the determination of the lease, provided the distress was made within six calendar months, during the continuance of the landlord's title, and *during the possession* of the tenant. (*Bradby*, 127. 2 *Saund.* 284, *n.* 2.) The remedy given by the 13th section is operative only during the continuance of the lease, which is evident from the provisions of the 17th section of the same statute. (3 *Cowen*, 269.) The defendant in error, therefore, had no right to distrain under either the 13th or 17th sections, as the lease

had expired, and the defendant had not remained *in posses-sion* of the demised premises.

The 7th section of the amendatory act has no application to this case. If the term had continued, the landlord might have distrained without the aid of this section; but it having determined, he had no greater rights under this section than he had under the 13th section of the original act. The construction of the two statutes taken together, as given by Mr. Justice Sutherland, in 5 *Cowen*, 330, is, that the landlord shall in no case pursue and seize the goods until his rent is due. If rent was due at the time of their removal, or becomes due within 30 days thereafter, he must pursue and seize them within 30 days after their removal; but if no rent is due when the goods are removed, nor becomes due within 30 days thereafter, then he may pursue and seize them at any time within 30 days after his rent does become due.

THE CHANCELLOR. At the common law, the landlord could only distrain property which was actually on the demised premises when he came for that purpose. His right to distrain must also have been exercised during the continuance of the term. (3 *Black. Comm.* 11, *Doct. and Stud. dial* 2, *ch.* 9.) If the tenant fraudulently removed his property and effects from the demised premises either before or after the rent became due, the landlord could not follow and seize them for the rent, unless they were removed by the tenant after the landlord had actually come to distrain, and had view of the goods on the premises. (*Gilb. on Distress*, 41. 1 *Rolle's Abr.* 671, *c.* 40.) So, if the term expired before the landlord exercised his right to distrain, his remedy was gone, although the tenant still remained in possession of the premises, and with his goods or cattle thereon.

To remedy the first of these defects of the common law, the 13th section of the act of April, 1813, (1 *R. L.* 437,) provided that the landlord might distrain goods carried off the demised premises, at any time within thirty days after their removal. And the 17th section of the same act authorized the landlord to distrain at any time within six months after the expiration of the term, if the landlord's right or interest in the premises still existed, and the possession of the ten

ant continued. Under the 13th section of this act, the right to distrain goods off the demised premises was limited to thirty days after the removal of the goods, and could not be exercised until the rent was actually due and payable. If the tenant, to prevent a distress, removed his goods more than *thirty* days before the rent fell due, the landlord could not distrain thereon. But the 7th section of the act of 1820, (*Laws, sess.* 43, *ch.* 196, *sec.* 7,) authorizes the landlord, *at any time within thirty days after the rent becomes due*, to distrain goods which have been carried off of the demised premises. This was intended only as an extension of the remedy given by the 13th section of the act of 1813.

The effect of the several provisions of these two statutes is to give to the landlord a right to distrain either on or off of the demised premises, at any time within six months after the expiration of the lease, where the interest of the landlord and the possession of the tenant both continue to exist, provided the distress, if made off of the premises, be also made within thirty days after the goods are removed, or within thirty days after the rent becomes due, in those cases where the goods were removed before the rent became due and payable. But he is in no case authorized to distrain goods carried off of the premises, where he would not have been allowed to distrain the same goods, if the tenant had permitted them to remain. The landlord cannot distrain either on or off of the demised premises, where the term has expired, and the tenant has abandoned or yielded up the possession to the landlord.

The pleadings in this case shew the existence of such a state of facts. I am therefore of opinion that the demurrer was well taken, and that the judgment of the supreme court should be affirmed.

This being the *unanimous* opinion of the court, the judgment of the supreme court was thereupon affirmed, with costs.