## August Werner

### *v.*

### Frederick Ropiequet.

DISTRESS FOR RENT—*warrant for*—*cannot issue after six months from the time of termination of lease.* By the act of 1857, the common law relative to proceedings for distress for rent is so modified as to authorize distress to be made for the period only of six months after the expiration of the lease; and, where a distress warrant issues more than six months after rent has become due, and the lease terminated, and the demised premises abandoned, such warrant is without authority of law, is null and void, and affords no protection to the officer levying it.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. WILLIAM WINKLEMAN, for the appellant.

Mr. N. NILES, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question made on this record is, the decision of the court overruling the demurrer to defendant's fourth plea.

The action was replevin for certain articles of personal property described in the declaration alleged to have been taken by the defendant and detained by him.

The fourth plea was as follows:

"And for further plea in this behalf, said defendant says *actio non*, etc., because he says that at the time when, etc., he was sheriff of said county of St. Clair, and that on the 20th day of October, 1866, at said county, a landlord's warrant issued by James C. Hasselton against Henry Stricker was placed in the hands of said defendant as bailiff of said Hasselton, whereby said defendant was required and directed to distrain the goods and chattels of said Stricker in said county, where he then resided, for the sum of $200, being one year's rent due the said Hasselton on the 1st day of March, A. D. 1866, for certain land in said county and described in said warrant, demised by said Hasselton to said Stricker; and that by virtue of said warrant the defendant did, as such bailiff, on the 20th day of October, at said county, distrain the said goods and chattels in the declaration mentioned, to satisfy the said rent due as aforesaid under and by virtue of said warrant; and said defendant avers that the said goods and chattels so distrained were, on the said day and at the time of said distress made as aforesaid, the property of the said Stricker, and subject to said distress; without this, that the property of said goods and chattels, or any part thereof, at the said time when, etc., was in said plaintiff, as by said declaration is supposed, and this defendant is ready to verify, and prays judgment, etc."

The demurrer admits the facts stated in this plea, which are well pleaded, and nothing more. It admits none of the inferences of law which may be drawn from the facts.

The fair intendment from the averments in this plea, is, that Stricker had rented certain premises from Hasselton, for one year, which expired on the 1st day of March, 1866, at which time he was indebted for rent in the sum of $200, to his landlord, Hasselton, and had abandoned the premises. The warrant was not issued until the 20th day of October following, more than seven months after the rent was due and payable.

By the common law, a distress warrant could not be issued after the termination of the lease, nor after the goods had been removed from the land out of which the rent issued. It was also requisite, as distress can only be for rent in arrears, and as rent does not become due until the last moment of the day when it is made payable, that a distress should not be taken until the next day after the rent became due, but a warrant given on that day to make distress generally would be good.

To remedy this, the general assembly of this State, on the 10th of February, 1857, passed an act providing, that, in all cases of the demise of lands or tenements, whether the rent reserved be payable in money, in specific articles of property, or in any part of the products of the demised premises, the landlord shall have the right to distrain the personal goods of the tenant for the period of six months after the expiration of the term for which the premises were demised; such distress to be made in the manner now provided by law, etc. Scates' Comp. 718.

The warrant in this case, having been issued more than six months after the rent had accrued and was in arrears, was without authority of law, and was null and void, affording no protection to the defendant who executed it. The demurrer reached this defect, and should have been sustained.

After six months, and the tenant has abandoned the premises, there can be no distress upon the goods of the tenant, although he will remain personally responsible to his landlord for the rent, which can only be recovered by the ordinary suit

at law. Taylor's Landlord and Tenant, 237, referring to *Tenboss* v. *Williams*, 5 Cowen, 407, and the same case in the Court of Errors, 2 Wend. 148.

We are of opinion the court erred in overruling the demurrer to this fourth plea, and for the error the judgment must be reversed. The plea is no defense to the action.

The cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*